IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Ivan Vasquez, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action File No. |
| vs. | : | |
| | : | |
| Vega Construction, Inc., and | : | |
| Jose Raul Vega, | : | |
| | : | |
| Defendants. | : | |

---

## COMPLAINT

---

Plaintiff Ivan Vasquez ("Vasquez") brings this Complaint against Defendants Vega Construction, Inc. ("the Company") and Jose Raul Vega ("Vega"), and shows the Court as follows:

1.

This is an FLSA case.  Vasquez brings this action because Defendants did not pay the overtime during his employment from 2009/2010 until 2014. Because Defendants did not post the statutory notices required by the FLSA, Vasquez seeks his unpaid overtime wages for the entire period of his employment.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b) and 28 U. S.C. § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because the Company is located in this judicial district, Vega resides in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

**THE PARTIES**

4.

Vasquez resides in DeKalb County, Georgia.

5.

The Company is a corporation organized under the laws of the State of Georgia.

6.

The Company can be served with process via its registered agent, Jose Raul Vega at 4167 Clark Hill Ct., Buford, Georgia 30519.

7.

The Company is subject to the personal jurisdiction of this Court.

8.

Vega is a resident of Gwinnett County, Georgia.

9.

Vega is subject to the personal jurisdiction of this Court.

10.

Vega can be served with process at his residence, located at 4167 Clark Hill Ct.,
Buford, Georgia 30519.

**FACTUAL ALLEGATIONS**

11.

At all times material hereto, Vega has owned and operated Vega Construction, a
general contracting company.

12.

At all times material hereto, Vega has been the Chief Executive Officer, Chief
Financial Officer, Corporate Secretary and Registered Agent Company.

13.

Defendants employed Vasquez as a framing carpenter beginning in 2009 or
2010 up to and including April 16, 2014.

14.

At all times material hereto, the Company has been an "employer" of Vasquez as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

15.

At all times material hereto, Vega has had exercised operational control over the work activities of Vasquez.

16.

At all times material, Vega was an "employer" of Vasquez as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

17.

At all times material hereto, the Company was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

18.

During 2009, the Company had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During 2010, the Company had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2011, the Company had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During 2012, the Company had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

During 2013, the Company had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2014, the Company had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

At all times material hereto, two or more employees of the company, including Vasquez, used or handled items that that had moved in interstate commerce and were necessary for the Company to perform its commercial purpose, including construction materials, gasoline, vehicles, tools, cellular telephones, office furniture, power tools, as well as hand tools.

25.

During 2009, the Company had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A) including construction materials, gasoline, vehicles, tools, cellular telephones, office furniture, power tools, as well as hand tools.

26.

During 2010, the Company had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A) including construction materials, gasoline, vehicles, tools, cellular telephones, office furniture, power tools, as well as hand tools.

27.

During 2011, the Company had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A) including construction materials, gasoline, vehicles, tools, cellular telephones, office furniture, power tools, as well as hand tools.

28.

During 2012, the Company had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for

commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A) including construction materials, gasoline, vehicles, tools, cellular telephones, office furniture, power tools, as well as hand tools.

29.

During 2013, the Company had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A) including construction materials, gasoline, vehicles, tools, cellular telephones, office furniture, power tools, as well as hand tools.

30.

During 2014, the Company had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A) including construction materials, gasoline, vehicles, tools, cellular telephones, office furniture, power tools, as well as hand tools.

31.

During 2009, the Company had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

32.

During 2010, the Company had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

33.

During 2011, the Company had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

34.

During 2012, the Company had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

35.

During 2013, the Company had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

36.

During 2014, the Company had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

37.

At all times material hereto, the Company was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

38.

At all times material hereto, Vasquez has been an "employee" of the Company as defined in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

39.

At all times material hereto, Vasquez has been an "employee" of Vega as defined in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

40.

At all times material hereto, Defendants did not vest Vasquez with the authority to formulate, interpret, or implement management policies or operating practices.

41.

At all times material hereto, Vasquez did not carry out major business assignments in conducting the operations of the business.

42.

At all times material hereto, Vasquez did not perform work that affected the Company's business operations to a substantial degree.

43.

At all times material hereto, the Company did not vest Vasquez with the authority to commit it matters that have significant financial impact.

44.

At all times material hereto, the Company did not vest Vasquez with the authority to waive or deviate from established policies and procedures without prior approval.

45.

At all times material hereto, the Company did not vest Vasquez with the authority to negotiate and bind the Company on significant matters.

46.

At all times material hereto, Vasquez was not involved in planning the Company's long- or short-term business objectives.

47.

At all times material hereto, Vasquez was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

48.

At all times material hereto, Defendants did not employ Vasquez in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

49.

At all times material hereto, Defendants did not employ Vasquez in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

50.

At all times material hereto, Defendants did not employ Vasquez in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

51.

At all times material hereto, Vasquez was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

52.

At all times material hereto, the Company compensated Vasquez by payment of a regular rate $13 per hour worked.

53.

At all times material hereto, Vasquez worked for Defendants approximately 62 hours per week.

54.

At all times material hereto, Defendants were aware that Vasquez worked more than forty hours each week.

55.

At all times material hereto, Vasquez was entitled to receive one-and-one-half times his regular rate of pay for every hour worked in excess of 40 hours in a given workweek.

56.

At all times material hereto, Defendants failed to compensate Vasquez at one-and-one-half times his regular rate of pay for every hour worked in excess of 40 hours in a given workweek.

57.

At all times material hereto, Defendants willfully failed to compensate Vasquez at one-and-one-half times his regular rate of pay for every hour worked in excess of 40 hours in a given workweek.

58.

At all times material hereto, Defendants have failed to "post and keep posted a notice explaining the [FLSA] ... in [a] conspicuous place[]," as required by 29 CFR § 516.4.

59.

At all times material hereto, Defendants have failed to otherwise inform Vasquez of the overtime provisions of the FLSA.

## COUNT I - FAILURE TO PAY OVERTIME

60.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

61.

At all times material hereto, Vasquez has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

62.

During every week of his employment with Defendants, Vasquez worked in excess of forty (40) hours per week.

63.

Defendants failed to pay Vasquez at one-and-one-half time his regular hourly rate for every hour worked in excess of 40 hours in any given week.

64.

Vasquez is entitled to payment of all unpaid overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

65.

As a result of Defendants' willful underpayment of overtime compensation as alleged above, Vasquez is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

66.

Because Defendants have failed to "post and keep posted a notice explaining the [FLSA] ... in [a] conspicuous place[]," as required by 29 CFR § 516.4, the FLSA's statute of limitations for overtime claims should be tolled throughout the entire period of Vasquez's employment by Defendants.

67.

Vasquez is also entitled to recover his costs of litigation, including reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

**Wherefore,** Plaintiff respectfully prays:

1. That the statute of limitations in this matter be tolled and Plaintiff be allowed to make his claim for his entire period of employment:

2. That Plaintiff be awarded an amount to be determined at trial against Defendants, jointly and severally, in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages due, plus prejudgment interest thereon;

3. That Plaintiff be awarded his costs of litigation, including his reasonable attorney's fees and costs from Defendants, jointly and severally; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,


3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

DeLong, Caldwell
Bridgers & Fitzpatrick, LLC

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No. 080791

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411

Counsel for Plaintiff