SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by Ivan Vasquez ("Vasquez") on the one hand, and (i) Vega Construction, Inc., and (ii) Jose Vega (collectively "Defendants") on the other hand, collectively, the "Parties", as of the date of the last of the Parties' signatures, below.

WHEREAS, Vasquez alleges that he is a former employee of one or more of the Defendants;

WHEREAS, Vasquez filed a lawsuit against Defendants in the United States District Court for the Northern District of Georgia, Atlanta Division, alleging violations of the Fair Labor Standards Act styled <u>Ivan Vasquez v. Vega Construction, Inc. and Jose Raul Vega</u>, Case No. 1:15-cv-0832-SJC (the "Civil Action");

WHEREAS, Defendants deny the allegations contained in the Civil Action and further deny that they acted unlawfully with respect to Vasquez in any way;

WHEREAS, the Parties desire to compromise fully and finally all differences, claims, charges, and complaints between them; and

WHEREAS, it is understood and agreed that this Agreement represents a settlement and compromise of uncertain and disputed claims and neither this Agreement itself, any of the payments or covenants described herein, nor anything else connected with this Agreement is to be construed as an admission of liability on the part of either Defendant.

In consideration of the payments and the mutual promises described below, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Payment</u>. In consideration for signing the Agreement and complying with its terms, Defendants shall pay a total of Twenty Five Thousand Dollars and Zero Cents ($25,000.00) (the "Settlement Amount") as set forth herein. Of this Settlement Amount, (i) $5,000 will be directed to Vasquez representing alleged unpaid overtime, (ii) $5,000 will be directed to Vasquez representing alleged liquidated damages, and (iii) $15,000 will be directed to Vasquez's attorney, Kevin D. Fitzpatrick, Jr., of Delong Caldwell Bridgers, Fitzpatrick & Benjamin, LLC. The Settlement Amount shall be paid according to the following schedule:

   a. Within fifteen (15) business days after the Court's Order approving the settlement of the Civil Action, Defendants shall cause Vasquez to be paid Two Thousand Dollars ($2,000.00) (the "First Vasquez Payment") in a check made payable to Ivan Vasquez. On or before the last day of each of the four consecutive months following the First Vasquez Payment, Defendants shall cause Vasquez to be paid an additional payment of Two Thousand Dollars ($2,000.00) until such time that Vasquez has been paid Ten Thousand Dollars ($10,000) in total. All such payments to Vasquez will be reported to the IRS on a Form 1099 marked "box 3 other income."

      b.      Within fifteen (15) business days after the Court's order approving the settlement of the Civil Action, Defendants shall cause Vasquez's attorney, Kevin D. Fitzpatrick, Jr., of Delong Caldwell Bridgers & Fitzpatrick, LLC to be paid One Thousand Five Hundred Dollars ($1,500.00) (the "First DCBF Payment") in a check made payable to Kevin D. Fitzpatrick, Jr, Attorney. On or before the last day of each of the nine consecutive months following the First DCBF Payment, Defendants shall cause Vasquez's attorney, Kevin D. Fitzpatrick of Delong Caldwell Bridgers & Fitzpatrick, LLC to be paid an additional payment of One Thousand Five Hundred Dollars ($1,500.00) until such time that Vasquez's attorney has been paid Fifteen Thousand Dollars ($15,000) in total. Mr. Fitzpatrick will provide a W-9 for this payment. Defendant will report the payment to the IRS with a 1099 marked as "box 3 other income."

      Vasquez acknowledges and agrees that, other than the amounts expressly agreed upon, Defendants are not responsible for payment of any attorneys' fees or costs incurred under any agreement between Vasquez and any attorney or law firm in connection with this or any other matter, or arising in any way from prosecution of this or any matter against Defendants or any other Releasee.

      Vasquez further acknowledges and agrees that he alone is responsible for any local, state, or federal taxes that may be assessed or owing with respect to the proceeds he receives as a result of this settlement. Vasquez therefore agrees to make no claim against Defendants or the Releasees for any payment or non-payment of taxes or regarding or relating to the reporting of the payment described in this Agreement, if any, to any taxing authorities. Vasquez acknowledges and agrees that Defendants have made no representations to him regarding the tax consequences of the settlement payment received by him pursuant to this Agreement. Vasquez agrees to pay federal and state taxes, if any, which are required by law to be paid with respect to this settlement. Vasquez further agrees to indemnify and hold Defendants and the Releasees harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against any Defendant or Releasee for any amounts claimed due on account of Plaintiff's failure to fulfill any and all obligations owing under this Agreement.

      2.      <u>Release</u>. Vasquez, for himself, his successors, and assigns, now and forever unconditionally releases and discharges Defendants and their successors, officers, directors, shareholders, members, managers, owners, and employees (hereinafter collectively referred to as "Releasees") from any and all claims, charges, actions, causes of action, sums of money due, attorneys' fees, suits, debts, covenants, contracts, agreements, promises, demands, or liabilities (hereinafter collectively referred to as "Claims") whatsoever, in law or in equity, whether known or unknown, which Vasquez ever had, now has, or might in the future have against any of the Releasees based upon facts occurring prior to the date of this Agreement, specifically including, without limitation, any Claims that were asserted or could have been asserted in the Civil Action.

      Without limiting the generality of the foregoing, Vasquez acknowledges that, in consideration for the sums being paid to him pursuant to Paragraph 1 above, he knowingly releases any claim which is in any way connected with the Parties' alleged employment

relationship, including, but not limited to, any claim for discrimination, retaliation, harassment, emotional distress, back pay, front pay, overtime pay, vacation pay, liquidated damages, compensatory damages, general damages, special damages, punitive damages, exemplary damages, costs, expenses, and attorneys' fees, including, without limitation, any and all claims under the FLSA.

      3.      <u>Existing Worker's Compensation Benefits</u>. The Release set forth in Paragraph 2 does not waive nor release Vaquez's worker's compensation action (currently styled claim no. 2014-017652) or the claims set forth in such worker's compensation action against Defendants or any other person or entity. Notwithstanding anything in this Agreement to the contrary, unless otherwise compelled by law, Defendants agree to take no action which could reasonably be anticipated to cause the Worker's Compensation benefits that Vasquez may currently be receiving to be cancelled or terminated in any way.

      4.      <u>Non-Assignment of Claims</u>. Vasquez has not assigned or otherwise transferred any of the Claims he releases through this Agreement, and promises to indemnify and hold harmless the Releasees with respect to any damages, costs, or other injuries, including the payment of attorneys' fees, which might arise through the assertion against one or more Releasees of any released claim.

      5.      <u>Denial of Liability</u>. This Agreement represents a settlement and compromise of disputed claims and neither this Agreement itself, any of the payments or covenants described herein, nor anything else connected with this Agreement is to be construed as an admission of any liability whatsoever on the part of Defendants, and Defendants expressly deny the same.

      6.      <u>Entire Agreement</u>. This Agreement supersedes any and all prior negotiations or agreements between the Parties and contains the entire agreement between the Parties as to the subject matter hereof. The Parties hereby acknowledge and agree that there have been no offers or inducements which have led to the execution of this Agreement other than as stated herein.

      7.      <u>Choice of Law</u>. This Agreement shall be interpreted and enforced in accordance with the laws of the State of Georgia.

      8.      <u>No Presumption Against Drafter</u>. This Agreement has been drafted through a cooperative effort of all Parties, and no party shall be considered the drafter of this Agreement so as to give rise to any presumption or convention regarding construction of this document.

      9.      <u>Titles</u>. The titles contained in this Agreement are for informational purposes only and are not to be considered in interpreting or applying the terms of this Agreement.

      10.      <u>Remedies</u>. Except as may be otherwise expressly set forth herein, the Parties shall retain all rights, whether in law or in equity, to enforce the provisions of this Agreement.

      11.      <u>All Necessary Steps</u>. The Parties agree to take all necessary steps, including the execution of documents, to carry through and complete the exchange of consideration described in this Agreement.

- 4 -

12. **Attorneys' Fees**. In the event litigation ensues between the Parties respecting this Agreement, the prevailing party shall be entitled to recover its costs of litigation, including reasonable attorneys' fees, from the non-prevailing party.

13. **Severability**. The Parties agree that all provisions of this Agreement, except the Release set forth in Paragraph 2 of the Agreement, are severable from one another and that if any such provision is held to be unenforceable, this Agreement and its terms shall be construed and enforced as if such unenforceable provision had never comprised a part hereof. The remaining provisions shall remain in full force and effect.

14. **Time Is of the Essence**. The Parties agree that time is of the essence in all respects regarding this Agreement.

15. **Joint Motion to Approve Settlement and Stipulation for Voluntary Dismissal With Prejudice**. This Settlement Agreement, including Defendants' payment obligation set forth in Paragraph 1, above, is conditioned upon Vasquez executing this Agreement and upon the review and approval of the Court in the Civil Action. Defendants shall not be obligated to make the payments set forth in Paragraph 1 until the Court has entered an order approving the Settlement of the Civil Action in all regards and providing that it be dismissed with prejudice.

16. **Counterparts.** This Agreement may be executed in separate counterparts, each of which shall constitute an original. Facsimile or electronic signatures shall be treated as originals.

\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF:**

_/s/ I. V._____(SEAL)
**IVAN VASQUEZ**

- 5 -

**DEFENDANTS:**

**VEGA CONSTRUCTION, INC.**

*Jose Raúl Vega Ramos*
By: Jose Vega, President

*Jose Raúl Vega Ramos* (SEAL)
**JOSE VEGA**